

# NUMBER 13-21-00467-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAYVEN RUIZ,                                                          Appellant,

v.

THE LAW OFFICE OF RICHARD WEAVER, PLLC
D/B/A THE WEAVER LAW FIRM,                                            Appellee.

### On appeal from the 36th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

On December 27, 2021, appellant Rayven Ruiz filed a notice of appeal from an "Order for Disbursement of Settlement Proceeds" in trial court cause number B-13-1236-CV-A in the 36th District Court of Bee County, Texas. On March 10, 2022, the Clerk of this Court notified appellant that the reporter's record in the above cause was originally

due on February 22, 2022, and the court reporter, Sarah Riemenschneider, had notified this Court that appellant failed to make arrangements to pay for the reporter's record. The Clerk advised appellant that the Court would consider and decide those issues or points that do not require a reporter's record for a decision unless this defect was cured within ten days. *See* TEX. R. APP. P. 37.3(c). Appellant did not respond to the Clerk's notice or otherwise file the reporter's record.

After an extension of time, the clerk's record for the appeal was filed on March 22, 2022. On March 28, 2022, the Clerk advised appellant that it would consider and decide those issues or points that do not require a reporter's record for a decision, and the Clerk expected appellant's brief to be filed by April 21, 2022. Appellant did not thereafter file a brief.

On April 27, 2022, the Clerk notified appellant that her brief had not been timely filed. The Clerk advised appellant that the appeal would be dismissed for want of prosecution unless, within ten days, appellant reasonably explained the failure and the appellee was not significantly injured by the appellant's failure to timely file a brief. *See id.* R. 38.8(a). Appellant did not respond to the Clerk's notice or file a brief in this matter.

Appellate courts possess the authority to dismiss an appeal for want of prosecution when an appellant in a civil case fails to timely file the appellant's brief and gives no reasonable explanation for the failure. *See id*. R. 38.8(a)(1); *id.* R. 42.3(b); *Am. Bail Bonds v. City of El Paso*, 225 S.W.3d 612, 612 (Tex. App.—El Paso 2006, no pet.); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.) (per curiam). Similarly, courts may dismiss an appeal for want of prosecution generally or because the appellant

has failed to comply with a requirement of the appellate rules, a court order, or a notice from the appellate court clerk requiring a response or other action within a specified time. *See* TEX. R. APP. P. 42.3 (b), (c).

The Court, having examined and fully considered the documents on file and appellant's failure to file a brief, is of the opinion that this appeal should be dismissed. Accordingly, we dismiss the appeal for want of prosecution. *See id.* R. 38.8(a), 42.3(b), (c).

CLARISSA SILVA
Justice

Delivered and filed on the
26th day of May, 2022.